**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODNEY BRADY,

    Plaintiff,

v.                                                        Case No. 2:10-CV-10831
                                                        Honorable Nancy G. Edmunds

CORRECTIONS OFFICER FUNCHES,

    Defendant.
_____/

**OPINION & ORDER DISMISSING PLAINTIFF'S
COMPLAINT PURSUANT TO 28 U.S.C. §1915(g)**

This matter is before the Court on its own review of Plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate who is currently confined at G. Robert Cotton Correctional Facility in Jackson, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff claims that the Defendant corrections officer engaged in the following behavior toward the Plaintiff: (1) harassment; (2) threats; and (3) making discriminatory and homophobic remarks. Accordingly, Plaintiff maintains that his constitutional rights have been violated and that monetary compensation along with his release from confinement are appropriate remedies.

Having reviewed Plaintiff's complaint and his litigation history in the federal courts, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). A search of federal court records reveals that at least three prior civil rights complaints filed by the Plaintiff have been dismissed for being frivolous or malicious, or for failing to state a claim. See *Brady v. Unknown Dagen,* No: 1:08-CV-1133 (W.D. Mich. Dec. 23, 2008)*; Brady v. Ingham County Correctional Facility,* No: 1:08-CV-839 (W.D.

Mich. Nov. 24, 2008); *Brady v. Unknown Parties,* No: 1:08-CV-821 (W.D. Mich. Oct. 28, 2008). Subsequent to the most recent of these dismissals, Plaintiff filed at least two additional § 1983 complaints, each of which were dismissed pursuant to the "three strikes" rule contained in 28 U.S.C. § 1915(g).[1] See *Brady v. Trombley,* No. 1:08-CV-995 (W.D. Mich. Sept. 23, 2009); *Brady v. Nolan*, No. 1:09-CV-186 (W.D. Mich. June 30, 2009).

The three strikes rule prohibits a prisoner, who has had three prior suits dismissed for being frivolous or malicious, or for failing to state a claim, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that he is in imminent danger of serious physical injury.[2] A federal district court may raise the three strikes rule on its own initiative. See*, e.g., Ward v. King*, 2009 WL 367859 (E.D. Mich. Feb. 12, 2009); *Witzke v. Hiller,* 966 F. Supp. 538 (E.D. Mich.1997).

In the present case, the Court is aware of three of Plaintiff's civil rights complaints which were dismissed for being frivolous or malicious or for failing to state a claim; and two additional complaints, each of which have resulted in an order finding that Plaintiff has

---

[1] Section 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

already exhausted his "three strikes." Although Plaintiff claims in his pleadings that the Defendant's discriminatory threats and harassment have put his life is in danger, allegations of past physical injury or vague threats of possible physical injury in the future are insufficient to meet the statutory exception of "imminent danger." See n.2. The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint **[Doc. #1]** is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

**IT IS FURTHER CERTIFIED** that any appeal taken by plaintiff in this matter would not be in good faith.

                         s/Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Judge

Dated: April 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2010, by electronic and/or ordinary mail.

                         s/Carol A. Hemeyer
                         Case Manager